IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEITH LAMAUNTT HAWKINS,

    Plaintiff,

    v.                                 CASE NO. 18-3076-SAC

GEARY COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently housed at Valeo Behavioral Health Care in Topeka, Kansas, the events giving rise to his Complaint occurred during his incarceration at the Geary County Detention Center in Junction City, Kansas ("GCDC").

In his Complaint, Plaintiff alleges that he was "jailed" at GCDC on February 2, and after being processed he was given his orange top and bottoms, but was told he could only wear white socks and white underwear. Because Plaintiff's underwear was black and blue, he was told he would either have to go without or he would need to purchase white underwear from the commissary. Plaintiff alleges that this constituted cruel and unusual punishment because it is unsanitary and he was forced to stuff toilet paper in his pants to prevent his hemorrhoids from bleeding through his clothing. Plaintiff also alleges that this was not fair because the female inmates are provided disposable underwear.

Plaintiff names as Defendants the Geary County Sheriff's Office and the GCDC. Plaintiff is seeking $500,000 for "mental stress," noting that other inmates laughed at him.

On August 10, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show cause why this case should not be dismissed due to the deficiencies discussed in the MOSC. In the MOSC, the Court notes that: this action is subject to dismissal because it appears from the face of the Complaint that Plaintiff failed to fully and properly exhaust all available prison administrative remedies on his claims prior to filing this action in federal court; prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983; Plaintiff failed to state a claim of cruel and unusual punishment where Plaintiff's allegations suggest a minor deprivation for a short period of time and Plaintiff alleges no facts showing that Defendants "both knew of and disregarded an excessive risk to [his] health or safety" related to his denial of undergarments; to the extent Plaintiff is alleging a denial of equal protection because females are provided with disposable undergarments, such claim is subject to dismissal for failure to state a claim where Plaintiff failed to show that he is similarly situated to female inmates; and Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.

The Court's MOSC was mailed to Plaintiff at his current address of record and was returned as undeliverable, with a notation that Plaintiff was longer at Valeo Behavioral Health Care. (Doc. 5.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to file a response to the Court's MOSC within the allowed time.

The Court finds that Plaintiff fails to state a claim for relief as set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 18th day of September, 2018.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**